Wardlaw J.
delivered the opinion of the Court.
This Court is satisfied with the instructions given to the jury, except those concerning the declaration. The great doubts which were expressed on the circuit of the sufficiency of the declaration to authorize a recovery for a conversion after the death of the intestate, have, upon a careful examination here, increased to a full concurrence on my part in the opinion which all my brethren entertain, that the declaration is insufficient.
The first count alleges only a trover and conversion in the lifetime of the intestate, which the Statute of Limitations has long since barred. The second undertakes to allege what ought to have been alleged—a trover in the lifetime and a conversion after the death of the intestate; but after alleging the trover in the lifetime, it proceeds to allege, first, a demand by the intestate and refusal of the defendant to deliver; second, the death grant of administration, and a demand by the administrator, and refusal of the defendant; and third, that aftewrards, “the defendant still continued the said negroes which he had converted as aforesaid, in his own use, and to his own behoof, to the damage of the administrator.”
It might have been possible to hold a demand and refusal as evidence of conversion, and not as a conversion itself—sur-plusage which should not have been introduced: and if the final averment had been of a distinct conversion, to sustain the *143 declaration after verdict. But when the final averment is only that “the defendant continued the negroes, which he had converted as aforesaid,” it is impossible to escape the conclusion that eith:r no conversion is positively alleged, or it is alleged to have taken place in the lifetime of the intestate.
The jury ought not then to have been instructed, that, in reference to the Statute of Limitations, they could take into consideration a conversion after the death of the intestate, The present motion is only for a new trial, and both parties seem to desire that another investigation of this mysterious transaction should be fairly had.
It is therefore ordered that a new trial be granted, and that the plaintiff have leave at Iris own cost to amend his declara-ration, by adding one or more counts on or before the first Monday of March next, and posting the rule to plead as usual.